IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) CASE NO.: 1:22-cv-2353 |
| v. | )<br>) |
| SUPERIOR TACTICAL RESPONSE AGENCY, LLC, and DONNA RAPIER, PERSONAL RESPRESENTATIVE OF THE STATE OF RODDRICK K. FAULKNER, SR., ON BEHALF OF THE STATE OF RODDRICK K. FAULKNER, SR., | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, The Cincinnati Specialty Underwriters Insurance Company ("CSU"), by counsel, and pursuant to Rule 8(A) of the Federal Rules of Civil Procedure, hereby states its Complaint for Declaratory Judgment against Defendants, Superior Tactical Response Agency, LLC ("Superior"), and Donna Rapier, Personal Representative of the Estate of Roddrick K. Faulkner, Sr., on behalf of the Estate of Roddrick K. Faulkner, Sr. (the "Estate")(collectively "Defendants"), as follows:

NATURE OF THE ACTION

1. CSU seeks a Declaratory Judgment declaring its rights and duties under a Commercial General Liability Insurance Policy issued to Superior. In a separate underlying action, the Estate is suing Superior for alleged failure of security at an entertainment venue, where Mr. Faulkner was allegedly "murdered" by another patron, who shot and killed him. While CSU accepts the existence of coverage for Superior, the Policy provides an indemnity

Policy Limit of Twenty-Five Thousand Dollars ($25,000) Each Occurrence, for injury arising out of failure to prevent an assault or battery. The present controversy arises, in part, because the Commercial General Liability Limits of Insurance shown in the Declarations, of One Million Dollars ($1,000,000), are replaced by the limits of Twenty-Five Thousand Dollars ($25,000) with respect to assault or battery. If Superior's liability toward the Estate is established for the claims against it, its liability being disclaimed and denied, the claim at issue is subject to the Limits of Twenty-Five Thousand Dollars ($25,000) Each Occurrence. CSU seeks a declaration establishing the available limits and the scope of coverage.

## THE PARTIES

2. Plaintiff The Cincinnati Specialty Underwriters Insurance Company (hereinafter "CSU") is a corporation organized under the laws of the State of Delaware, with its principal place of business in Fairfield, Ohio.

3. Defendant Superior Tactical Response Agency, LLC (hereinafter "Superior") is a limited liability company organized under the laws of the state of Indiana with its principal place of business in Marion County, Indiana.

4. Defendant Donna Rapier, Personal Representative of the Estate of Roddrick K. Faulkner, Sr., on behalf of the Estate of Roddrick K. Faulkner, Sr., (hereinafter the "Estate") was at all relevant times and still is a citizen of the State of Indiana.

5. Mr. Faulkner's Estate and its representative, Plaintiffs in the underlying action, are joined under IC 34-14-1-11 and 28 USCA §2201 as persons or entities who claim an interest which would potentially be affected by the requested declaration. CSU is seeking no affirmative relief against them other than to bind them to the outcome of this dispute. CSU

is willing to dismiss them from this action if they stipulate that they will be bound by this Court's judgment.

6. Upon information and belief, all persons have been made parties who have a claim or any interest that would be affected by the requested Declaratory Judgment.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) since this is an action between citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.  Although the pertinent Policy Limits are Twenty-Five Thousand Dollars ($25,000) Each Occurrence, these limits replace Commercial General Liability Policy Limits otherwise applicable of One Million Dollars ($1,000,000) Each Occurrence.  The controversy surrounds which limits are applicable.

8. Venue lies with this Court pursuant to 28 U.S.C. 1391(a).

9. CSU and the Defendants are interested parties under a Commercial General Liability Insurance Policy contract, and their rights, status and legal obligations are affected by a question of construction arising under the contract, for which CSU seeks a declaration of rights, so as to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations of the parties under 28 USCA §2201.

10. The Defendants are residents of Marion County, Indiana.

11. The premises where the Estate's decedent Mr. Faulkner was shot, and which is the subject of the Lawsuit, was at the "Krave" event center, located at 6447 West Washington Street in Indianapolis, Marion County, Indiana (the "Premises").

## THE CONTRACTS

12. CSU issued a policy of commercial insurance providing Commercial General Liability coverage to its named insured, Superior, Policy No. CSU0105542, for the period of October 4, 2017 to October 4, 2018 (hereinafter the "Policy").

13. A true, accurate, and certified copy of the Policy is attached hereto as Exhibit "A" and is incorporated in its entirety herein.

## THE CLAIM

14. In the underlying Lawsuit, the Estate alleges that or about August 18, 2018, an individual entered the Premises with a gun and murdered the Decedent, Roddrick K. Faulkner, Sr.

15. The Estate has filed a lawsuit against Superior and others for Mr. Faulkner's death in the Marion Superior Court, Cause No. 49D14-2003-CT-011320, styled *Donna Rapier, etc. v. Superior Tactical Response Agency, LLC, et al.* (hereinafter the "Lawsuit").  A copy of a Motion to file Second Amended Complaint, an August 4, 2020 Order granting the Motion, and the Second Amended Complaint itself, are attached hereto as Exhibit "B" and are incorporated in their entirety herein.

16. In the Lawsuit the Estate claims that the defendants, among them Superior, negligently hired, trained, retained and supervised any security company, security officers, or individuals hired to provide security on the premises, and these failures proximately caused the death of Mr. Faulkner.  The Estate claims that defendants, among them Superior, should have known of the dangers on the premises, and failed to take action to prevent or warn of those dangers.

17. The Estate claims that as a result of the defendants' alleged negligence, Mr. Faulkner suffered death resulting in pain and suffering, as well as mental anguish, medical, funeral and burial expenses, and loss of earnings and earnings and future earning capacity.

18. In the lawsuit, the Estate further claims recovery, on behalf of Mr. Faulkner's minor children and heirs, for deprivation of Mr. Faulkner's care, love and affection, deprivation of his training and guidance, pecuniary loss of benefit, estate administration costs, and attorney fees and litigation costs.

19. The pleadings do not contain a claim for punitive damages.

## EXISTENCE OF A CONTROVERSY

20. Superior has demanded that CSU provide it defense and indemnity under the Policy for the Lawsuit.

21. CSU has not declined the claim. CSU has provided Superior with a defense in the Lawsuit, and continues to do so, subject to CSU's Reservation of Rights.

22. CSU agrees the Policy provides defense coverage to Superior for the Lawsuit, and further agrees that it provides indemnity coverage for at least some of the claims asserted in the Lawsuit.

23. However, a controversy has arisen as to the applicable liability limit and extent of indemnity coverage under Policy for the Lawsuit.

24. The Policy, as amended by an endorsement titled "Exclusion - Assault or Battery with Limited Optional Coverage", establishes the limits of insurance for the Policy for the alleged failures on the part of Superior as Twenty-Five Thousand Dollars ($25,000). The endorsement states as follows:

   A. The following exclusion is added to Paragraph **2. Exclusions of Section** I - **Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2. Exclusions of Section** I - **Coverage B - Personal And Advertising Injury Liability:**

   **Assault Or Battery**

5

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**(1)** An actual or threatened assault or battery whether caused by or at the instigation or direction of any insured, their employees, patrons or any other person;
**(2)** The failure of any insured or anyone else for whom any insured is legally responsible to prevent or suppress assault or battery; or
**(3)** The failure to provide an environment safe from assault or battery, including but not limited to the failure to provide adequate security, or failure to warn of the dangers of the environment that could contribute to assault or battery; or
**(4)** The failure to render or secure medical treatment or care necessitated by any assault or battery; or
**(5)** The negligent:

   **(a)** Employment;
   **(b)** Investigation or reporting or failure to report any assault or battery to proper authorities;
   **(c)** Supervision;
   **(d)** Training;
   **(e)** Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by the **Assault Or Battery** exclusion above.

\*\*\*

**However, Paragraph A. above does not apply if the below schedule is completed indicating limited optional coverage has been selected.**

**Schedule**

**Limits of Insurance**

   Each   Occurrence:     $ 25,000
   Aggregate  Limit:       $ 50,000
   Deductible Per Occurrence: $ 2500

**B. Limits of Insurance**

**1.** The Limits of Insurance shown in the Declarations are replaced by the limits designated in the Schedule above with respect to coverage provided by this endorsement. These limits are inclusive of and not in addition to the limits being replaced.

The Each Occurrence Limit shown in the Schedule fix the most we will pay in any one "occurrence" regardless of the number of:

      **a.** Insureds;
      **b.** Claims made or "suits" brought; or
      **c.** Persons or organizations making claims or bringing "suits".

  **C. Deductible Clause**

1. Our obligation to pay damages on your behalf applies only to the amount of damages for each "occurrence" that are in excess of the deductible amount stated in the Schedule. The Limits of Insurance will not be reduced by the application of such deductible amount.

    We may pay any part or all of the deductible amount to effect settlement of any claim or "suit" and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

25. According to the Lawsuit Complaint, including its most recent amendments, Mr. Faulkner's death, and the Estate's claimed damages, arose out of an actual or threatened assault and/or battery, out of Superior's alleged failure to prevent or suppress assault or battery, out of alleged failure to provide an environment safe from assault or battery, including but not limited to the alleged failure to provide adequate security, or failure to warn of the dangers of the environment that could contribute to assault or battery, as well as based on the allegation that Superior negligently employed, retained, supervised or trained security personnel.

26. The Estate's allegations against Superior fall within the scope of the Policy's "Exclusion - Assault or Battery with Limited Optional Coverage" endorsement cited above.

27. Indemnity coverage under the Policy for the Lawsuit is further subject to additional Insuring Agreement requirements and Exclusions:

    a) The Policy excludes coverage for bodily injury which is intended or expected from the standpoint of the insured. The allegations of reckless and wanton conduct on the part

of Superior assert a claim for bodily injury which was expected and/or intended from the standpoint of the insured.

b) Upon information and belief punitive damages are not being sought against Superior. However, if such damages were being sought, the Policy excludes coverage for punitive damages and further, Indiana public policy prohibits insurance for direct liability of an insured for punitive damages.

28. No action or communication on the part of CSU should be construed in any manner to admit or concede the truth of any allegation against Superior in the Lawsuit, nor to waive any liability defense of Superior whether as to the existence or amount of liability, and all alleged liability of Superior is expressly disclaimed and denied.

29. In light of the disparate positions of CSU, Superior, and the Estate regarding the rights to indemnity for Superior under CSU's policy for the Lawsuit, an actual controversy exists under 28 USCA §2201, and this Court is requested to issue a declaration of the rights and duties of CSU under the policy with respect to the Lawsuit.

WHEREFORE, CSU respectfully requests this Court order a speedy hearing of the action for a declaratory judgment and advance it on the calendar as permitted by Rule 57, and thereafter issue declaratory judgment in CSU's favor stating:

1) That CSU's indemnity obligations to Superior for the Lawsuit are subject to a liability insurance limit totaling no more than one Twenty-Five Thousand Dollars ($25,000);

2) That CSU does not provide coverage for the allegations against Superior of reckless or wanton conduct on the part of Superior;

3) That CSU does not provide coverage for any punitive damages which may be awarded against Superior in the Lawsuit, if punitive damages are later sought; and

4) CSU further prays for its costs, its attorneys' fees, and such other relief to which it may be entitled.

    Respectfully submitted,

*/s/Kayla J. Goodfellow*
Kayla J. Goodfellow # 27849-49
Law Offices The Cincinnati Insurance Company
101 W. Washington Street
Suite 1100E
Indianapolis, IN 46204
(317) 632-7146 office
317-632-7156 fax
Kayla_Goodfellow@staffdefense.com

CERTIFICATION OF SERVICE

Plaintiff certifies on December 6, 2022 it has served a copy of the foregoing on all counsel of record via electronic filing using the CM/ECF system.

Scott Bunnell | sbunnell@hsk-law.com
James Shea | jshea@hsk-law.com
*Attorneys for Superior Tactical Response Agency, LLC*

Katherine Karres | kkarres@billhurst.com
Alex Limontes | alimontes@billhurst.com
Charles Hubley | chubley@billhurst.com
*Attorneys for Donna Rapier, Personal Representative of the State of Roddrick K. Faulkner, Sr., on behalf of The State of Roddrick K. Faulkner, Sr.*

    */s/ Kayla J. Goodfellow*
    Kayla J. Goodfellow

Kayla J. Goodfellow (Atty No. 27849-49)
Law Offices
The Cincinnati Insurance Company
101 W. Washington St., Suite 1100E
Indianapolis, IN 46204
317-632-7146 (Phone)
317-632-7156 (Fax)
Kayla_Goodfellow@staffdefense.com