UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SUPERIOR TACTICAL RESPONSE AGENCY, LLC, <br> DONNA RAPIER, Personal Representative of the Estate of Roddrick K. Faulkner, Sr., <br><br> Defendants. | No. 1:22-cv-02353-JPH-MG |

**ORDER ON JURISDICTION**

Plaintiff, The Cincinnati Specialty Underwriters Insurance Company ("CSU"), has filed a Complaint alleging that this Court has diversity jurisdiction over this matter. Dkt. 1. CSU has also filed a motion for a clerk's entry of default against one of the Defendants, Superior Tactical Response Agency, LLC. Dkt. 15.

For the Court to have diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the litigation must be between citizens of different states. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). For LLCs, parties must "work back through the ownership structure until [reaching] either individual human beings or a formal corporation with a state

1

of incorporation and a state of principal place of business."  *Baez-Sanchez v. Sessions*, 862 F.3d 638, 641 (7th Cir. 2017); *Thomas*, 487 F.3d at 534.  But here, Superior Tactical Response Agency, LLC is referred to only as "a limited liability company organized under the laws of the state of Indiana with its principal place of business in Marion County, Indiana."  Dkt. 1 at 2 ¶ 3.

Counsel has an obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012), and "[a] federal court must assure itself of subject matter jurisdiction in every case," *Boim v. American Muslims for Palestine*, 9 F.4th 545, 551–52 (7th Cir. 2021).  The Court's obligation includes knowing the details of the underlying jurisdictional allegations.  *See Evergreen Square of Cudahy v. Wis. Hous. and Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[T]he parties' united front is irrelevant since the parties cannot confer subject-matter jurisdiction by agreement . . . and federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

Therefore, the Court **ORDERS** CSU to file a jurisdictional statement by **March 3, 2023**, addressing the issues identified in this order.

**SO ORDERED.**

Date: 2/17/2023

*[signature: James Patrick Hanlon]*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

2

Distribution:

SUPERIOR TACTICAL RESPONSE AGENCY, LLC
Melvin E. Hall II, Registered Agent
750 Greenwoods Drive
Indianapolis, IN 46224

All Electronically Registered Counsel